UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ERICK RODRIGUEZ ESCAMILLA, et al.,

Petitioners,

v.

BRUCE SCOTT, et al.,

Respondents.

CASE NO. 2:26-cv-03523-BAT

**ORDER GRANTING PETITION DIRECTING BOND HEARING AND GRANTING TEMPORARY RESTRAINING ORDER**

Petitioners Erick Rodriguez Escamilla and Javier Melo Vera filed a § 2241 habeas petition contending they are members of the "Bond Denial Class certified in *Rodriguez-Vazquez v. Bostock*, No. 3:25-cv-05240-TMC (W.D. Wash. filed Mar. 20, 2025),[1]" and requesting the Court order Respondents to provide each of them a prompt individualized custody determination under 8 U.S.C. § 1226(a). Dkt. 1 at 1-2. The Court **GRANTS** the habeas petition and issues a temporary restraining order as follows:

**A. Habeas Petition**

Respondent agrees both Petitioners are detained under 8 U.S.C. § 1226(a) and are entitled

[1] While the habeas petition in *Rodriguez Vasquez* was filed on March 20, 2025, the decision order upon which Petitioner relies was issue on September 30, 2025 *in Rodriguez Vasquez v. Bostock,* 802 F.Supp.3d 1297(W.D. Washington 2025)

to bond hearings. Respondents have presented nothing indicating Petitioners are subject to a final order of removal and do not argue their detention is subject to § 1231. However, Respondents claim that neither Petitioner has requested a bond hearing, although they acknowledge Petitioner Vera indicated he wanted an immigration judge (IJ) to review his custody. Respondents contend the Court should therefore deny the petition and require Petitioners to request a bond hearing, which Respondents would then provide.

Respondents do not contest Petitioners' claim that they are members of the "Bond Denial Class certified in *Rodriguez-Vazquez v. Bostock*. Members of this class are entitled to written notice of their right to a bond hearing because as the Honorable Tiffany M. Cartwright noted "Many more class members, particularly those who cannot access legal counsel may be detained with no knowledge of their right to a bond hearing." *Rodriguez Vasquez v. Hermosillo*, 816 F.Supp.3d 1234, 1238 (W.D. Washington, Jan. 14, 2026).

The record does not indicate Respondents provided Petitioners with written notice advising them they had a right to a bond hearing if they request one. Hence it is unsurprising Petitioners did not formally request Respondents to provide them a bond hearing. However, there is no dispute they are entitled to a bond hearing and that it is patently obvious they both seek bond hearings as it is the very relief sought in the present habeas petition. The Court according GRANTS the habeas petition.

**B. Temporary Restraining Order**

On September 19, 2026 when Petitioners filed their § 2241 petition, they also moved for issuance of a temporary restraining order (TRO). The Court granted a TRO and Respondent subsequently filed a response averring the motion for TRO was moot because the Court had issued a scheduling order requiring Respondents to give notice of intent to transfer or remove.

The Court accordingly struck the motion for TRO. Respondents thereafter filed their response on October 5, 2026. On October 13, 2026 Respondents filed notice of intent to remove both Petitioners. The same day, Petitioners filed a reply to Respondents' October 5, 2026 response arguing as Respondents simultaneously argue Petitioners are entitled to a bond hearing and that they seek to remove them, the Court should grant the Petition and order Respondents to provide Petitioners with a bond hearing before an immigration judge.

The Court understands Petitioners' reply as requesting the Court to grant a TRO to facilitate the relief requested—a bond hearing before an IJ. To obtain a TRO, Petitioners must show (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

The first factor favors Petitioners. They both request bond hearings and Respondents agree they are entitled to bond hearings as members of the *Rodriguez Vasquez* class.

The second factor favors Petitioners. Respondents' plan to transfer or remove Petitioners will inflict irreparable harm.

The last two *Winter* factors, the balance of equities and the public interest, merge when the Government is a party. *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014). This factor favors Petitioners because it is in the public interest to ensure litigants' uninterrupted access to the courts and because Respondents will suffer little or no harm by delaying Petitioners' removal until the conclusion of this litigation. Accordingly, the final two *Winter* factors favor Petitioners, and the balance of hardships factor tips sharply in their favor.

The Court accordingly finds issuance of a TRO is appropriate. For the foregoing reasons, the Court **ORDERS**:

1. The government and Respondents are **PROHIBITED** from transferring Petitioner from the Northwest ICE Processing Center in Tacoma, Washington to any other facility without further order of this Court.

1. By October 23, 2026, Respondents shall either provide Petitioners with a bond hearing under 8 U.S.C. § 1226(a) or release Petitioner from immigration detention.

2. By October 26, 2026, Respondents shall file a certification as to whether Petitioners were afforded a bond hearing as directed above or whether Petitioners were released.

Dated this 14th day of October, 2026.

BRIAN A. TSUCHIDA
United States Magistrate Judge